SERGENIAN ASHBY LLP
Joseph R, Ashby (SBN 248579)
joseph@sergenianashby.com
1055 West Seventh Street, 33rd Floor
Los Angeles, CA 90017
Telephone: (323) 318-7771

Attorneys for Applicant Olegs Fils

FILED
OCT 05 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

NC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV-20 80176 MISC

NO.

IN RE OLEGS FILS,

  Applicant,

For Order Authorizing Discovery For Use In Foreign Proceedings Under 28 U.S.C. § 1782

DECLARATION OF AGRIS BITANS IN SUPPORT OF EX PARTE APPLICATION FOR THE ISSUANCE OF SUBPOENAS DUCES TECUM PURSUANT TO 28 U.S.C. § 1782 TO SPECIALIZED HELICOPTERS, INC., HYATT CORPORATION, THE HIGHLANDS INN, INC., BURST + BLOOM, SOMMPICKS LLC, BENCHMARK WINE GROUP, INC., AND BELMONT WINE EXCHANGE, LLC

By Fax

DECLARATION OF AGRIS BITANS

## DECLARATION OF AGRIS BITANS

I, Agris Bitans, declare as follows:

1. I am a citizen of the Republic of Latvia, and I currently reside in Riga, Latvia. I am over the age of twenty-one years old, I have never been convicted of a crime involving moral turpitude, and I am competent to make the statements contained herein. I declare under penalty of perjury that the foregoing is true and correct and within my personal knowledge.

2. I am a lawyer and represent Olegs Fils ("Mr. Fils"), the claimant in proceedings currently before a court in Latvia (Case No.C30657918) (the "Latvian Proceedings") against his former wife, Ms. Santa Bernahl (previously – Ms. Zamuele) ("Ms. Bernahl"). In this capacity, I have personal knowledge regarding the facts contained in this affidavit.

3. After Ms. Bernahl and Mr. Fils divorced in March 2018, Mr. Fils discovered that Ms. Bernahl had been involved in an extra-marital relationship with Mr. David Bernahl ("Mr. Bernahl"). This discovery came, in part, through posts from private social media accounts, in which Mr. and Ms. Bernahl are seen embracing and kissing during the time Ms. Bernahl and Mr. Fils were still married. As an example, Mr. Fils has provided me with an Instagram post on Mr. Bernahl's account, where Mr. and Ms. Bernahl are pictured in front of a helicopter at a downtown Manhattan heliport in New York City. This picture is believed to have

-1-
DECLARATION OF AGRIS BITANS

been taken in August 2017. *See* Exhibit A, photo of Mr. and Mrs. Bernahl in or about August 2017.

4.  In addition, the case materials of the Latvian Proceedings contain the following relevant Instagram posts: In Mr. Bernahl's posts from December 8, 2017 and January 16, 2018 (at the time when Ms. Bernahl was visiting California, where Mr. Bernahl resides), Mr. and Ms. Bernahl are pictured embracing, while the captions read "Luckiest guy in the world... (continued)" and "Moments #♥" respectively. *See* Exhibits B and C, photos of Mr. and Ms. Bernahl. In Mr. Bernahl's post from January 26, 2018, geotagged as having been taken in Big Sur, California, Ms. Bernahl's children are pictured. *See* Exhibit D, photo of Ms. Bernahl's children.

5.  Ms. Bernahl's bank account statements demonstrate she used the funds that Mr. Fils gifted to her to pay for hotel stays at the Hyatt Carmel Highlands (owned by the Hyatt Corporation incorporated as the Highlands Inn, Inc.) in September and December 2017. *See* Exhibit E.

6.  Ms. Bernahl's bank account statements demonstrate she used the funds that Mr. Fils gifted to her to charter a helicopter flight in August 2017 operated by Specialized Helicopters, Inc. *See* Exhibit E, Credit Card Statement of Ms. Bernahl showing charges of Specialized Helicopters, each in the amount of 2 820,80 EUR.

7.  Additionally, the statements demonstrate charges by Burst + Bloom and multiple retailers of fine alcoholic beverages (Sommpicks, LLC, Benchmark

Wine Group, Inc., and Belmont Wine Exchange, LLC). *See* Exhibit E, Credit Card Statement.

8. As a result of Ms. Bernahl's infidelity, Mr. Fils has instituted claims in the Latvian Proceedings seeking to cancel several gift agreements he entered into with Ms. Bernahl, on the basis of gross ingratitude and for her fault in the dissolution of the marriage. In the Latvian Proceedings, Mr. Fils seeks to recover items and funds valued at €2.4 million from Ms. Bernahl that Mr. Fils gifted to her. Ms. Bernahl has disposed of or transferred most of her assets, including these gifts and monies, to foreign accounts and/or to family members. As a result, Mr. Fils has also instituted claims in the Latvian Proceedings seeking to declare some of Ms. Bernahl's transfers and concealment of these items and funds as null and void.

9. The Latvian court has already found that Ms. Bernahl acted in bad faith because she has provided misleading information to the Latvian court and she concealed the property and funds Mr. Fils gifted her. Under Articles 137(1) and 140(1) of the Latvian Civil Procedure Law, the court may secure a claim provided, *inter alia*, there are reasonable grounds to believe that enforcement of the court judgment otherwise may become problematic or impossible (in this case, mostly due to concealment of assets, towards which the claim could be enforced), and that *prima facie* the claim has a legal basis. The Latvian court has therefore repeatedly sustained Mr. Fils' applications to secure his claim by seizing movable property,

-3-
DECLARATION OF AGRIS BITANS



real estate, and cash belonging to, as well as payments due to, the defendants in the Latvian Proceedings.

10. In order to demonstrate Ms. Bernahl's gross ingratitude and fault in the dissolution of the marriage, we must present evidence of Ms. Bernahl's infidelity and gross ingratitude towards Mr. Fils through other actions and attitudes.

11. Depending on the content of the documents obtained from Specialized Helicopters, Inc., the Hyatt Corporation, and the Highlands Inn, Inc., these documents could be used in the Latvian Proceedings to demonstrate that Mr. and Ms. Bernahl were in each other's company during the time Ms. Bernahl and Mr. Fils were married. The documents obtained from Specialized Helicopters, Inc. and the Hyatt Corporation could show that during August, September, and December 2017, Mr. and Ms. Bernahl, while on vacation, were guests in the hotel as a couple, flew in a chartered helicopter together as a couple, and that Ms. Bernahl paid for these extravagant hotel stays and helicopter services with funds gifted to her by Mr. Fils.

12. Depending on the content of the documents obtained from Burst + Bloom, Sommpicks, LLC, Benchmark Wine Group, Inc., and Belmont Wine Exchange, LLC, these documents could be used to show that that Ms. Bernahl made an extravagant floral purchase to be sent to Mr. Bernahl's home, as well as multiple purchases of fine alcohol to be gifted to Mr. Bernahl, all while she was still married to Mr. Fils.

-4-
DECLARATION OF AGRIS BITANS

13. In short, the documents obtained from Specialized Helicopters, Inc., the Hyatt Corporation, the Highlands Inn, Inc., Burst + Bloom, Sommpicks, LLC, Benchmark Wine Group, Inc., and Belmont Wine Exchange, LLC ("collectively the Merchants"), could be used as evidence in the Latvian Proceedings to ultimately help demonstrate that Ms. Bernahl was unfaithful to Mr. Fils in at least August 2017, September 2017, November 2017, December 2017, and February 2018, while Ms. Bernahl and Mr. Fils were still married, and that Ms. Bernahl paid for her and her lover's luxury expenses with funds gifted to her by Mr. Fils, thus supporting Mr. Fils' claim of gross ingratitude and justifying the cancellation of the gift agreements.

14. The Merchants are not participants in the Latvian Proceedings. Thus, apart from the Hague Convention, the Latvian court lacks any other reasonable method of compelling the Merchants to produce information and documents that will evidence and demonstrate Ms. Bernahl's infidelity.

15. There is nothing in Latvian law that would prevent Mr. Fils from utilizing such evidence in the Latvian Proceedings, and there is no indication that the Latvian court would be unreceptive to assistance from this Court.

16. Finally, were this information available in Latvia, the parties to the Latvian Proceedings would be able to obtain such discovery. But because this evidence is obtainable only from the Merchants—companies only incorporated and present in the United States and not Latvia—this Court's assistance is required in obtaining the documents necessary to show that in August 2017, September 2017,

DECLARATION OF AGRIS BITANS

November 2017, December 2017, and February 2018, Ms. Bernahl carried on an extra-marital affair. There is nothing pursuant to Latvian law, or to any rule of civil procedure, regulation or statute under Latvian law that prohibits gathering of evidence via Section 1782 and use of the same in the Latvian Proceeding.

17. The information Mr. Fils seeks from Specialized Helicopters, Inc., is narrowly tailored. Mr. Fils seeks documents for only the time period of August 1, 2017 through August 31, 2017. These documents could show that during August 2017, Mr. and Ms. Bernahl, while on vacation, boarded a helicopter chartered through Specialized Helicopters, Inc., as a couple. Thus, the documents seek only to demonstrate Ms. Bernahl's reservation of, and status as passenger of, Specialized Helicopters, Inc.

18. The information Mr. Fils seeks from Hyatt Corporation and the Highlands Inn, Inc. is only for a narrowly tailored period of time. Indeed, as to these entities, Mr. Fils seeks only documents for the dates of September 1, 2017 through September 30, 2017, and December 1, 2017 through January 15, 2018, and at that, only documents related to Mr. and Ms. Bernahl's reservations and stay as guests of the Hyatt Carmel Highlands.

19. Similarly, the requests made of the remaining Merchants are narrowly tailored. Mr. Fils seeks documents from Burst + Bloom only for the time period of August 2017; from Sommpicks, LLC for the time period of November 2017; and from Benchmark Wine Group, Inc. and Belmont Wine Exchange, LLC for the

month of February 2018. At that, Mr. Fils seeks only documents related to the orders from these Merchants that will help demonstrate Ms. Bernahl's infidelity and gross ingratitude (i.e., delivery address, recipient, etc.).

20. Thus, the subpoenas are not unduly intrusive or burdensome. They are narrowly tailored and precisely fashioned as to particular dates that appear as charges on Ms. Bernahl's credit card statement.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct."

Executed on September 28, 2020 in Riga, Latvia.

*/s/ Agris Bitans*
_____
Agris Bitans

-7-
DECLARATION OF AGRIS BITANS