UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLICATION OF OLEGS FILS,<br><br>Petitioner. | Case No. 20-mc-80176-EMC<br><br>**ORDER GRANTING MOTION FOR *DE NOVO* DETERMINATION OF DISPOSITIVE MATTER**<br><br>Docket No. 8 |

On October 2, 2020, Petitioner Olegs Fils filed an *ex parte* application for leave under 28 U.S.C. § 1782 to seek discovery from several third-party merchants in this district for use in a civil proceeding in Latvia, where Mr. Fils is the claimant (the "Latvia Action"). *See* Docket No. 2 ("*Ex Parte* App.").[1] On October 14, 2020, Magistrate Judge Nathanael Cousin issued a report and recommendation recommending that this Court deny Mr. Fils's *ex parte* application. *See* Docket No. 6 ("Report"). Shortly thereafter, Mr. Fils filed the pending motion for *de novo* determination of his *ex parte* application, pursuant to 28 U.S.C. § 636(b)(1)(C), Federal Rule of Civil Procedure 72(b)(2), and Civil Local Rules 7-2 and 72-3. *See* Docket No. 8 ("Mot.").

Judge Cousins first correctly determined that Mr. Fils's application satisfied § 1782's statutory requirements because (1) the Merchants are located in this district, (2) the discovery Mr. Fils seeks is for use in a foreign legal proceeding, and (3) Mr. Fils is an interested person in the Latvia Action because he is the claimant. *See* Report at 2. Judge Cousins then concluded that Mr.

---

[1] Specifically, Fils applies for the issuance of subpoenas to: (1) Specialized Helicopters, Inc.; (2) the Hyatt Corporation; (3) the Hyatt Carmel Highlands (also known as Highlands Inn, Inc.); (4) Burst + Bloom; (5) SommPicks, LLC; (6) Benchmark Wine Group, Inc.; and (7) Belmont Wine Exchange, LLC (collectively, the "Merchants"). *See Ex Parte* App. at 1.

1   Fils's application satisfies three out of the four factors the Supreme Court identified in *Intel Corp.*
2   *v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004), for determining if discovery sought in
3   a foreign proceeding is appropriate:  (1) the evidence sought from the Merchants is not obviously
4   within the Latvian court's jurisdictional reach; (2) there is no indication that the Latvian court
5   would not be receptive to discovery assistance by a United States court; and (3) the request does
6   not conceal an attempt to circumvent foreign proof-gathering restrictions or other policies of a
7   foreign country or the United States.  *See* Report at 2–3.

8   Judge Cousins concluded, however, that the fourth *Intel* factor—whether the discovery
9   sought is unduly intrusive or burdensome—was not satisfied because "the proposed subpoenas are
10  grossly overbroad and [Mr.] Fils and his counsel have not taken reasonable steps to avoid
11  imposing undue burden and expense on the [Merchants]."  Report at 3.  Presumably to address this
12  problem, Mr. Fils also filed with this Court an administrative motion to augment the record
13  pursuant to Civil Local Rules 7-11 and 72-3(b) to included proposed revised versions of the seven
14  subpoenas that Judge Cousins determined were grossly overbroad and burdensome.  *See* Docket
15  Nos. 9 ("Admin. Mot.") at 1;  & 9-1 (Decl. of Joseph R. Ashby), Exs. 18–24.  Therefore, the only
16  question before this Court is whether the proposed revised subpoenas are sufficiently narrow to
17  satisfy the fourth *Intel* factor.

18  Having reviewed the changes Mr. Fils made to the proposed revised subpoenas, the Court
19  concludes that those revised subpoenas are sufficiently narrow to satisfy the fourth *Intel* factor.
20  Accordingly, Mr. Fils's motion for *de novo* determination and administrative motion to augment
21  the record are **GRANTED**.  Mr. Fils's *ex parte* application for the issuance of the revised
22  subpoenas is also **GRANTED**.  The Court notes, however, that nothing in this order precludes the
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

recipients of those subpoenas from moving to quash or modify any of the revised subpoenas pursuant to Federal Rule of Civil Procedure 45(d)(3).

This order disposes of Docket Nos. 1, 6, 8, and 9.

**IT IS SO ORDERED**.

Dated: January 11, 2021

_____
EDWARD M. CHEN
United States District Judge